UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT SHERMAN NIX, III | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-290 |
| | ) | |
| STATE OF TENNESSEE, and | ) | COLLIER/CARTER |
| ROBERT E. COOPER, JR. | ) | |

REPORT AND RECOMMENDATION

Plaintiff Robert Sherman Nix, III *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude the complaint does not set forth a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Nix's complaint is handwritten and signed by him. He has written the "Tory Party" and the "Church of Genies" in the style of the case as additional plaintiffs though these entities are not mentioned anywhere in the body of the complaint. Mr. Nix's complaint is not clear. He appears to argue that Tenn. Code Ann. § 63-6-205 is unconstitutional because it prohibits the practice of naturopathy in Tennessee, but the basis for this alleged unconstitutionality is not sufficiently stated.

Moreover, in *Davis v. Beeler*, 207 S.W.2d 343 (Tenn. Ct. App. 1947), the court held a state legislature has the power to regulate practitioners of the healing arts to protect the public and that the "statute does not impair in any constitutional sense the liberty" of a person who seeks to practice naturopathy. *Id.* at 644. The court noted that a person who wished to practice naturopathy could do so by becoming licensed as a general practitioner or as an osteopath:

> By obtaining a general practitioner's license or license to practice osteopathy, persons may pursue the practice of naturopathy without legal restraint. Stated in another way, this statute merely required that persons desiring to practice naturopathy shall obtain a general practitioner's license or one to practice osteopathy. Such a construction permits the science to be used by general practitioners and by osteopaths. The statute in question is aimed at the practitioner and not at the science. The evident intent of the Legislature was to withdraw recognition of naturopathy as a separate branch of the healing arts but allows the use of its methods. Any person now licensed to practice naturopathy may continue the use of such methods by obtaining the additional knowledge required to qualify as a general practitioner or as an osteopath.

Accordingly, because the statute in question does not prohibit the practice of naturopathy but rather adds certain licensing requirements to it, the undersigned concludes plaintiffs' constitutional claim fails. Further, the complaint utterly fails to state a claim on behalf of the Tory Party or the Church of Genies because there are no facts alleged as to these two entities and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate.[1] It is therefore RECOMMENDED[2] that this action be DISMISSED without prejudice and the *in forma pauperis* application be DENIED as moot.

---

1 Tenn. Code Ann. § 63-6-205 provides in relevant part:
    (a) It is unlawful for any person to practice naturopathy in this state.

    (b) "Naturopathy" means nature cure or health by natural methods and is defined as the prevention, diagnosis and treatment of human injuries, ailments and disease by the use of such physical forces as air, light, water, vibration, heat, electricity, hydrotherapy, psychotherapy, dietetics or massage and the administration of botanical and biological drugs.

    (c)(1) In no event shall naturopathy mean the sale of herbs or natural health information exchanges provided as a service so long as:

    (A) The sale or provision of information exchanges is not conducted for the purpose of the prevention, diagnosis or treatment of any physical ailment or physical injury to or deformity of another; and

(B) In any instance involving natural health information exchanges, the seller obtains a signed acknowledgement from the buyer that the seller is neither a licensed practitioner of the healing arts in this state, nor meets the recognized qualification criteria that would allow the provision of any form of diagnosis, treatment recommendation or medical care in this state. For the purposes of meeting the requirements of this section, the seller shall keep the signed acknowledgement from the buyer on file for a period of three (3) years.

2 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

SO ORDERED.

ENTER.

                                          S/William B. Mitchell Carter
                                          UNITED STATES MAGISTRATE JUDGE